```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TONY COLIDA,                        :
                    Plaintiff,      :   05 Civ. 9920 (KMW)(HBP)

    -against-                       :   MEMORANDUM OPINION
                                        AND ORDER
NOKIA AMERICA CORPORATION,          :

                    Defendant.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff brings this action pro se pursuant to 35 U.S.C. § 271, alleging that Nokia Inc.'s[1] ("Nokia") Model No. 6101 folding, cellular telephone (the "6101 telephone") infringes his United States Design Patent No. Des. 321,347 (the "'347 Patent"). I write to resolve two non-dispositive motions that have been made by plaintiff and one non-dispositive motion that has been made by defendant.

Specifically, by notice of motion dated January 5, 2006, but never filed, plaintiff first moves for leave to amend his complaint, pursuant to Rule 15(a) of the Federal Rules of

---

[1] Nokia, Inc. responded to the allegations in the complaint even though plaintiff sued "Nokia America Corporation," an entity which, apparently, does not exist (see Memorandum of Law in Support of Plaintiff's Motion to Dismiss under Rule 12(b), dated January 3, 2006 (Docket Item 10) ("Pl. Dismiss Mem."), at 1 n.1, 17).

Civil Procedure, to assert additional infringement claims against Nokia based on three other United States Design Patents Nos. Des. 318,050 (the "'050 Patent"), Des. 321,184 (the "'184 Patent"), and Des. 321,349 (the "'349 Patent") (hereinafter, the "First Motion to Amend").

Second by notice of motion dated February 17, 2006, but never filed, plaintiff moves for leave to amend his complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to substitute "Nokia, Inc." as a defendant in place of the misnamed entity, Nokia America Corporation (hereinafter, the "Second Motion to Amend").

Finally, by notice of motion dated March 15, 2006 (see Docket Item 25), Nokia moves to preclude consideration of plaintiff's February 18, 2006 sur-reply papers in opposition to Nokia's motion to dismiss and its motion for sanctions.

For the reasons set forth below, (1) plaintiff's First Motion to Amend is denied without prejudice to renewal; (2) plaintiff's Second Motion to Amend is granted, and (3) Nokia's motion to preclude consideration of plaintiff's sur-reply be granted.

II.  Facts

The facts underlying of this case can be succinctly stated.  Plaintiff is the named inventor of the '347 Patent for a

"Portable Cellular Handset Telephone," which was issued by the United States Patent and Trademark Office on November 5, 1991 (see Complaint, dated October 27, 2005 (Docket Item 2) ("Compl."), at ¶¶ 4-6 & Ex. 1; see also Pl. Dismiss Mem. Ex. D). Plaintiff alleges that he is the "inventor, designer and owner" of the design disclosed in the '347 Patent (Compl. ¶ 5). The '347 Patent claims  "The ornamental design for a portable cellular handset telephone, as shown and described" (see Compl. ¶ 7 & Ex. 1; see also Pl. Dismiss Mem. Ex. D).

  Plaintiff alleges that defendant Nokia is in the business of advertising, selling, manufacturing, repairing and supporting portable cellular telephones, both within the United States and around the world (see Compl. ¶¶ 3, 8). Specifically, plaintiff claims that Nokia manufactures, markets and sells the 6101 telephone (see Compl. ¶ 8 & Ex. 2; see also Pl. Dismiss Mem. Ex. E). The gravamen of plaintiff's complaint is that Nokia's 6101 telephone infringes his '347 Patent (see Compl. ¶¶ 3-4, 8-20). Plaintiff seeks $100,000,000 in damages for Nokia's alleged infringement (see Compl. ¶ 20).

  Annexed to this Opinion and Order as Exhibit 1 is a copy of the '347 Patent. Eight illustrations of plaintiff's telephone's design are depicted in the '347 Patent. The first three illustrations show the telephone in its open position from a front, left-side perspective view (Figure 1), as well as front

3

(Figure 2) and rear (Figure 3) elevation views.  The remaining four illustrations show the telephone in its closed position from bottom (Figures 4 & 7) and top (Figure 5) plan views, as well as right-side (Figure 6) and front (Figure 8) elevation views (see Compl. Ex. 1; Pl. Dismiss Mem. Ex. D).  I have also annexed to this Opinion and Order as Exhibit 2 a page from Nokia's website, see http://www.nokiausa.com/phones/6101, showing its 6101 telephone from various angles (see Compl. Ex. 2; Pl. Dismiss Mem. Ex. E).

III.  Analysis

    A.  Plaintiff's Motions to Amend the Complaint

        1.  Applicable Standards

The standards applicable to a motion to amend a pleading are well settled.  Leave to amend a pleading should be freely granted "when justice so requires."  Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Anthony v. City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003).  "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile."  Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303

(S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997), citing Foman v. Davis, supra, 371 U.S. at 182.

Delay alone, in the absence of bad faith or prejudice, is usually not sufficient reason for denying a motion to amend. Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968).  "The court . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000), quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (emphasis added).  See also Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir.), cert. denied, 531 U.S. 979 (2000) (permitting amendment of answer to assert additional affirmative defense after a seven-year delay does not constitute an abuse of discretion in the absence of prejudice).  However, "the longer the period of unexplained delay, the lighter the burden will be on the nonmoving party to demonstrate prejudice or bad faith." Multi-Juice, S.A. v. Snapple Beverage Corp., 02 Civ. 4635 (RPP), 2006 WL 1519981 at *11 (S.D.N.Y. June 1, 2006).

      2.   Plaintiff's First
           <u>Motion to Amend</u>

Plaintiff's First Motion to Amend can be quickly dispatched because he has failed to attach a copy of the proposed amended complaint to his motion papers.  <u>See</u>, <u>e.g.</u>, <u>Abercrombie v. Andrew College</u>, 04 Civ. 7717 (KMK), 2006 WL 1716857 at *25 (S.D.N.Y. June 15, 2006) ("[I]n making a motion for leave to amend, plaintiffs must attach a proposed amended complaint so that the Court and the opposing party has an opportunity to understand the exact changes proposed."); <u>accord</u> <u>Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 233 F.R.D. 327, 329 (S.D.N.Y. 2005); <u>Jonas v. Rich</u>, 02 Civ. 498 (BSJ), 2004 WL 1542231 at *2 (S.D.N.Y. July 8, 2004); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 1485 at 603 (2d ed. 1990).  This defect is material here because it appears that plaintiff is seeking to amend his complaint in order to assert that other, unspecified models of Nokia's portable telephones infringe his '050, '184 and '349 Patents (<u>see</u> Plaintiff's Response to Nokia's Opposition to the First Motion to Amend, dated January 20, 2006, at ¶ 2).[2]  However, without a copy

---

[2]Nokia opposed plaintiff's motion to amend on the ground that the designs disclosed in the '050, '184 and '349 Patents are starkly different from the design of Nokia's 6101 telephone (<u>see</u> Nokia, Inc.'s Opposition to Plaintiff's Motion for Leave to Amend the Complaint, dated January 18, 2006 (Docket Item 13), at 1-8). However, plaintiff's reply papers clarified that he is not
(continued...)

of the proposed amended complaint, it is impossible, to "understand the exact changes sought" by plaintiff.  Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993).

Accordingly, plaintiff's motion to amend his complaint is denied without prejudice.

> 3. Plaintiff's Second
>    Motion to Amend

In his Second Motion to Amend, plaintiff seeks leave to amend the pleadings to substitute "Nokia, Inc." as a defendant (see Plaintiff's Second Motion to Amend, dated February 17, 2006, at ¶ 1; see also Plaintiff's Response to Nokia's Opposition to the Second Motion to Amend, dated March 10, 2006, at ¶¶ 1-2). Nokia opposes plaintiff's Second Motion to Amend on the grounds of undue delay and prejudice (see Nokia, Inc.'s Opposition to Plaintiff's Second Motion to Amend the Complaint, dated March 3, 2006 (Docket Item 24), at 2-4).

Nokia, however, has failed to show undue delay or that it would suffer undue prejudice if leave to amend was granted.

---

²(...continued)
claiming that the 6101 telephone infringes his '050, '184 and '349 Patents.  Rather, Colida appears to be claiming that other, unspecified models of Nokia's portable telephones putatively infringe his '050, '184 and '349 Patents, and that "through the discovery process . . . [Nokia] will be compelled or ordered to disclose the other phone models . . . which infringe Plaintiff's [design patents]" (see Plaintiff's Response to Nokia's Opposition to the First Motion to Amend, dated January 20, 2006, at ¶ 2).

Plaintiff's Second Motion to Amend was made only slightly over one month after Nokia filed its original motion to dismiss. No discovery has been conducted in this matter to date, and Nokia has already responded to the allegations in the complaint by way of a motion to dismiss that I conclude is meritorious. Accordingly, no prejudice would result from the correction. See 1 Michael C. Silberberg & Edward M. Spiro, Civil Practice in the Southern District of New York § 6.27 at 6-60 to 6-63 (2d ed. 2005) (noting that prejudice may be found when discovery had been closed or the amendment would "significantly" change the focus of the litigation).

   Absent a showing of undue delay or prejudice, the general principle remains: leave to amend should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a); Foman v. Davis, supra, 371 U.S. at 182; see also Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988) (explaining "the important principle for which Foman stands -- that the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits."); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").

Accordingly, plaintiff's motion to amend the complaint by substituting "Nokia, Inc." for "Nokia America Corporation" as the defendant in this action is granted.

B.  Nokia's Motion to Preclude
    Consideration of Plaintiff's Sur-Reply

Nokia moves to preclude consideration of plaintiff's February 18, 2006 sur-reply to Nokia's motion to dismiss and its motion for sanctions (see Docket Item 25; see also Letter from Jorge M. Torres, Esq., to my chambers, dated June 5, 2005).  Not only did plaintiff file a sur-reply to Nokia's dismissal motion on February 18, 2006, he also served on May 22, 2006 and on July 5, 2006 nearly identical supplemental opposition papers to Nokia's motion to dismiss.  In substance, these papers disclose that plaintiff had previously entered into license and/or settlement agreements with other cellular telephone manufacturers as a result of litigation concerning the '347 Patent.

Nokia is correct that it was improper for plaintiff to submit these sur-reply papers without leave of the court.  See A.B.C. Home Furnishings, Inc. v. Town of East Hampton, 964 F. Supp. 697, 703 (E.D.N.Y. 1997) ("These papers are in the nature of sur reply, and sur sur reply, which will not be considered because they were filed without leave of the Court."); Nat. Fuel Gas Distrib. Corp. v. TGX Corp., CIV-84-1372, 1992 WL 49996 at *2 (W.D.N.Y. Mar. 2, 1992) ("This Court will not consider such

9

sur-reply in deciding the pending motion because [defendant] filed and served it without the leave of court."). Furthermore, even if I were to consider plaintiff's sur-reply papers, the mere listing of license and/or settlement agreements concerning the '347 Patent, without more, is meritless in defending against Nokia's motions. Fed.R.Evid. 408.

Accordingly, plaintiff's motion to preclude consideration of plaintiff's sur-reply papers is granted.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's first motion to amend the complaint, which seeks to assert additional infringement claims under '050, '184 and '349 Patents is denied without prejudice. Plaintiff's second motion to amend which seeks to substitute Nokia, Inc. for Nokia America Corporation is granted. Nokia's motion to precluded consideration of plaintiff's February 18, 2006 sur-reply to Nokia's motion to dismiss is also granted.

Dated:  New York, New York
        September 11, 2006

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Tony Colida
Suite 811
6280 Decarie Boulevard
Montreal, Quebec
Canada  H3X 2K1

David R. Francescani, Esq.
Jorge M. Torres, Esq.
Fish & Richardson P.C.
Citigroup Center
153 East 53rd Street
52 Floor
New York, New York  10022

**EXHIBIT 1**

# United States Patent [19]

## Colida

[11] Patent Number: **Des. 321,347**

[45] Date of Patent: ** Nov. 5, 1991

[54] PORTABLE CELLULAR HANDSET TELEPHONE

[76] Inventor: Tony Colida, 2672 Bedford Road, Montréal, Québec, Canada, H3S-1G1

[**] Term: 14 Years

[21] Appl. No.: 513,165

[22] Filed: Apr. 23, 1990

[52] U.S. Cl. ................................ D14/138; D14/147; D14/248

[58] Field of Search .................. D14/147, 148, 138; 379/423, 68; 455/89, 90

[56] References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 254,435 | 3/1980 | Ferron | D14/147 |
| D. 276,520 | 11/1984 | Breslow et al. | D14/143 |
| D. 281,686 | 12/1985 | Rivette et al. | D14/143 |
| D. 291,991 | 9/1987 | Lee | D14/147 |
| D. 298,621 | 11/1988 | Willis | D14/147 |
| D. 302,689 | 8/1989 | Murakami et al. | D14/138 |
| D. 306,294 | 2/1990 | Watanabe | D14/148 |
| D. 306,298 | 2/1990 | Sawada et al. | D14/148 X |
| 4,481,382 | 11/1984 | Villa-Real | 379/68 X |
| 4,845,772 | 7/1989 | Metrooka et al. | 379/433 X |

### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 0164743 | 7/1988 | Japan | 379/434 |
| 0106658 | 4/1989 | Japan | 379/434 |
| 0212052 | 8/1989 | Japan | 379/434 |

### OTHER PUBLICATIONS

Telephony, Jul. 16, 1979; GTE Flip-Phone.

*Primary Examiner*—Horace B. Fay, Jr.

[57] **CLAIM**

The ornamental design for a portable cellular handset telephone, as shown and described.

### DESCRIPTION

FIG. 1 is a left side, top a front perspective view of a portable cellular handset telephone showing my new design in opened position;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a bottom plan view thereof in closed position;
FIG. 5 is a top plan view thereof in closed position;
FIG. 6 is a right side elevational view thereof;
FIG. 7 is a bottom plan view thereof in closed position; and
FIG. 8 is a front elevational view thereof in closed position.





**EXHIBIT-1**

U.S. Patent        Nov. 5, 1991        Sheet 1 of 2        Des. 321,347



FIG. 3



FIG. 2



FIG. 1

**EXHIBIT-1**



EXHIBIT-1

**EXHIBIT 2**

**NOKIA**
Connecting People

Select a location
United States

Search

Home  Phones  Accessories  Support  Operators  Business  Government  Investors  About Nokia

Items: 0  Total: $0.00

**NOKIA 6101**

» Main Page
Phone Features
Zoom View
Accessories
Support and Software for Owners

## The new classic.

The Nokia 6101 has the classic functionality and reliability of Nokia mobile phones, wrapped in a new fold form, and packed with features.



zoom view

Buy Online
$0.00 to $
Buy with rebate
Free shipping

**Car Kits**



Crea
conr
car v
feat
audi
a rer
butto
View

© E-mail Page &
Accessory E

### Nokia 6101 Phone Features

- Integrated speakerphone
- VGA camera with video record and playback[19]
- FM radio (requires headset, sold separately)
- Two full-color displays
- High speed data with EDGE[1]
- **Service: Centennial Wireless, Corr Wireless, EinsteinPCS, Simmetry Communications, T-Mobile, Unicel Wireless, Viaero Wireless, i wireless**

See more Nokia 6101 features >>

**Tools**

Compare Phones
View and compar
side-by-side.

Nokia 6101 Sup

Warranty Informa
User Guides >>
Free Newsletter >
Support and Soft
Owners >>
FCC Certification
Eco Declaration >

### Accessories

  Music Stand >>
**Price: $99.95**

  Compact Charger§ >>
**Price: $19.95**

### Personalize

  Downloadable ring tones, games and graphics are not yet available for the Nokia 6101 phone.
Please check back.

**EXHIBIT-2**

(1) To use the phone you must have service from a service provider. Many features and mobile services require
Some networks have limitations that affect how you can use phone features. Your service provider also may have
certain features not be activated in a phone. If so, they may not appear in the phone's menu. Contact your service